**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| In re: | |
| YOLANDE NDJEWEL, | Case No. 26-11426-KHK |
| Debtor. | Chapter 11 |
| HILAIRE JUSTE NDJEWEL, | |
| Movant, | CONTESTED MATTER |
| v. | |
| YOLANDE NDJEWEL, | |
| Respondent. | |

# NOTICE

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THIS MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN 14 DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS 14-DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.**

Jaitegh Singh (VSB No. 99085)
8045 Leesburg Pike, Suite 510
Tysons, Virginia 22182
Telephone: (866) 746-4452
Email: jsingh@singhfirm.com
Counsel for Movant

**IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE 14-DAY PERIOD.**

**PRELIMINARY HEARING:** September 10, 2026, at 11:00 a.m., before the Honorable Klinette H. Kindred, in Courtroom III, Martin V.B. Bostetter, Jr. United States Courthouse, 200 South Washington Street, Alexandria, Virginia 22314-5405.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Hilaire Juste Ndjewel ("Movant"), a creditor and party in interest, by counsel, moves under 11 U.S.C. § 362(d)(1) for relief from the automatic stay and states:

### I. NATURE OF THE REQUEST

1. Movant seeks modification of the automatic stay to permit the Circuit Court of Stafford County, Virginia ("State Court"), to resume pending show-cause proceedings and determine and enforce the parties' rights under their Final Divorce Decree.

2. The requested relief concerns: (a) completion of the transfer to Movant of property in Cameroon; and (b) enforcement of the Debtor's obligations concerning 23 Barnum Drive, including sale of that property if the State Court determines that sale is necessary. Alternatively, Movant requests limited relief permitting the State Court to determine the parties' rights and appropriate remedies while reserving any transfer or distribution of estate property for further order of this Court.

### II. JURISDICTION AND STANDING

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

5. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

6. Movant is the Debtor's former spouse, a scheduled creditor, and a party whose property and enforcement rights are affected by the automatic stay.

## III. FACTUAL BACKGROUND

7. Movant and the Debtor were parties to divorce and equitable-distribution proceedings styled *Ndjewel v. Ndjewel*, Case No. CL23-1354 in the Circuit Court for Stafford County.

8. On December 4, 2024, the State Court entered the Final Divorce Decree attached as Exhibit A ("Decree").

### A. Cameroon property

9. The Decree awarded the property identified as the "2019 Cameroon Property" to Movant as his sole and separate property.

10. The Decree required the Debtor to begin the transfer within thirty days, provide the final deed and other documentation required under Cameroonian law, and cooperate in completing the transfer as soon as reasonably practicable.

11. The Debtor did not complete the transfer before commencing this bankruptcy case.

12. The Debtor's bankruptcy schedules identify property in Nkoabang, Cameroon, with a scheduled value of $2,000, no secured debt, and no claimed exemption. The schedules state that the property was awarded to the Debtor's former spouse and that the transfer was in process before bankruptcy.

13. The State Court should determine whether the scheduled Nkoabang property is the property governed by the Decree, the parties' respective interests, and the documents and acts required to complete the transfer.

## B. Barnum Property and monetary award

14. The Decree awarded the Debtor the real property located at 23 Barnum Drive, Stafford, Virginia ("Barnum Property"), subject to her obligations to remove Movant from the mortgage and home-equity indebtedness and pay him $195,000 within one year.

15. After applying the $4,244 child-support offset stated in the Decree, the net monetary award payable to Movant was $190,756.

16. The payment became due on December 4, 2025.

17. The Decree requires the parties to cooperate in satisfying these obligations, "including sale if necessary."

18. Movant performed his conveyance obligation by executing a general warranty deed transferring his interest in the Barnum Property. The deed was recorded on or about October 28, 2025. *See* Exhibit D.

19. The Debtor has not paid the $190,756 award. The unpaid prepetition amount is therefore $190,756, plus any interest, fees, and costs the State Court determines are recoverable.

## C. State-court and bankruptcy proceedings

20. On January 29, 2026, Movant filed a Verified Petition for Rule to Show Cause seeking enforcement of the Final Decree. A copy of the filed Verified Petition is attached as Exhibit B.

21. On March 19, 2026, the State Court entered a Rule to Show Cause directing the Debtor to appear before the Stafford County Circuit Court on June 15, 2026, at 2:00 p.m. A copy of the Rule to Show Cause and related hearing notice is attached as Exhibit C.

22. The Debtor commenced this Chapter 11 case on June 11, 2026, staying further enforcement proceedings concerning the property division and monetary award.

23. The Debtor's schedules list Movant's $190,756 claim as a nonpriority unsecured property-settlement debt owed to a former spouse and do not designate the claim as disputed, contingent, or unliquidated.

24. According to the Debtor's schedules as of the petition date, the Barnum Property has a value of $510,485, secured debt of approximately $329,538, gross equity of approximately $180,947, and net equity of approximately $130,946 after the claimed exemption.

25. The Debtor's schedules identify approximately $2,968,070 in total real-property value, $2,186,546 in secured debt, approximately $781,524 in gross equity, and $731,517 in net equity after scheduled exemptions. Movant cites these scheduled amounts as the Debtor's valuation, subject to further competent evidence.

## IV. LEGAL BASIS FOR RELIEF

26. Sections 362(a)(1), (2), and (3) generally stay continuation of prepetition proceedings against the Debtor, enforcement of prepetition judgments, and acts to obtain possession or control of estate property. Because the present proceedings concern enforcement and property division, Movant seeks express stay relief before proceeding.

27. Section 362(d)(1) directs the Court to grant relief from the stay "for cause," including by terminating, modifying, or conditioning the stay.

28. In determining cause, the Court balances potential prejudice to the Debtor and bankruptcy estate against the hardship to the party seeking relief. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

29. The *Robbins* considerations include whether the dispute involves state law, whether stay relief promotes judicial economy, and whether conditions can adequately protect the estate. *Id.*

30. Here, cause exists because the automatic stay is not merely postponing collection of an ordinary debt; it is preventing the State Court from determining why the Debtor has failed for an extended period to perform specific obligations imposed by a final, prepetition divorce decree.

31. The Decree was entered on December 4, 2024, and finally determined the parties' rights in the Cameroon Property and the Barnum Property before this bankruptcy case commenced.

32. As to the Cameroon Property, the Debtor was required to begin the transfer within thirty days and complete it as soon as reasonably practicable. More than eighteen months have passed, yet the transfer remains incomplete.

33. The Debtor's own schedules acknowledge that the Nkoabang property was awarded to her former spouse and was being transferred before bankruptcy. The property is scheduled at only $2,000, with no secured debt and no claimed exemption. Under 11 U.S.C. § 541(d), if the Debtor retained only title necessary to complete the transfer, the estate acquired no greater equitable interest.

34. The prolonged delay, combined with the Debtor's acknowledgment that the property belongs to Movant, presents a substantial basis to examine whether her noncompliance was willful. The State Court that entered the Decree is best positioned to require the Debtor to explain the delay, evaluate her explanation, and determine the acts necessary to complete the transfer.

35. The same inequity exists concerning Barnum. Movant performed his principal obligation by executing and recording the general warranty deed transferring his interest to the Debtor.

36. The Debtor accepted that performance but did not perform her corresponding obligations. She did not pay the $190,756 by December 4, 2025, did not complete the required refinancing, and did not sell Barnum even though the Decree expressly required cooperation in a sale if necessary to make the payment.

37. The Debtor's schedules show that her inability to comply cannot be evaluated by examining Barnum in isolation. She schedules approximately $2.97 million in real property and approximately $731,517 in net equity after claimed exemptions, including approximately $130,946 in net equity in Barnum.

38. After the monetary award became due, the Debtor acquired or financed 105 McKittrick Drive. Her schedules value that property at $713,000 and show approximately $142,071 in net equity after the claimed exemption. The mortgage was opened in May 2026, shortly before this case was filed.

39. The schedules also show that several retained rental properties consume estate cash each month: approximately $333 per month for 1219 Payne Street, $132.45 per month for 503 Garrison Woods Drive, and $415.29 per month for 21 Reids Drive. Although those properties have scheduled equity, they collectively produce approximately $880.74 in monthly negative cash flow.

40. Thus, while Movant remains unpaid, the Debtor has retained Barnum, acquired or financed another substantial residence, and continued carrying multiple investment properties, including properties operating at monthly losses. These circumstances warrant examination of whether her failure to comply with the Decree was unavoidable or instead a matter of choice.

41. Virginia Code § 20-107.3(C), (D), and (K) gives the State Court continuing authority to enforce its equitable-distribution orders, establish performance deadlines, determine

whether noncompliance was willful, appoint a special commissioner where authorized, and order appropriate relief concerning transfer, payment, or sale.

42. Allowing that court to proceed promotes judicial economy because it conducted the divorce trial, entered the Decree, and is familiar with the obligations and property allocation. Requiring this Court to reconstruct those proceedings would duplicate litigation and increase expense to both parties and the estate.

43. The estate can be protected by conditioning relief. If this Court is unwilling to authorize immediate transfer, sale, or distribution, the State Court may determine compliance, willfulness, the amount due, and the appropriate remedy, while any closing, collection, or distribution from estate property remains subject to further order of this Court.

44. The balance therefore favors relief under 11 U.S.C. § 362(d)(1) and *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). Denying relief would continue rewarding the Debtor's alleged noncompliance and materially prejudice Movant, while carefully conditioned relief would permit the appropriate court to decide the state-law issues without impairing administration of the bankruptcy estate.

## V. RELIEF REQUESTED

A. Movant requests modification of the automatic stay to permit the State Court to resume and finally determine the Verified Petition for Rule to Show Cause and related enforcement proceedings.

B. Concerning the Cameroon property, the State Court should be permitted to identify the property governed by the Decree and determine the parties' legal, equitable, and beneficial interests.

C. The State Court should be permitted to compel the Debtor to execute, authenticate, notarize, legalize, register, deliver, or obtain any deed, power of attorney, title record, declaration, application, or other instrument required to complete the transfer under applicable law.

D. The State Court should also be permitted to require the Debtor to deliver original documents, cooperate with Cameroonian or consular authorities, establish performance deadlines, appoint a special commissioner or other authorized representative to act in the Debtor's place, and impose lawful civil remedies for willful noncompliance with nonmonetary obligations.

E. Concerning the Barnum Property, the State Court should be permitted to determine the amount presently due, including any interest, attorney's fees, and costs authorized by the Decree or applicable law, and determine whether sale is necessary.

F. If sale is ordered, the State Court should be permitted to appoint a special commissioner, broker, or other agent; establish listing and sale terms; compel access and cooperation; approve a contract; authorize execution of documents in place of a noncompliant party; and complete a commercially reasonable closing.

G. After payment of valid liens, taxes, sale expenses, and any exemption recognized by this Court, the State Court should be permitted to direct application of the remaining proceeds toward the obligations established by the Decree, with any surplus delivered to the bankruptcy estate.

H. Alternatively, if this Court declines to authorize immediate transfer, sale, or distribution, the stay should be modified to permit the State Court to determine ownership of the Cameroon property, the amount due under the Decree, whether the

Debtor failed to comply, and whether transfer, sale, appointment of a commissioner, fees, costs, contempt, or another remedy is warranted.

I. Under that alternative, no property determined to belong to the estate would be transferred, no sale of the Barnum Property would close, and no proceeds would be distributed to Movant without further order of this Court. Any sale proceeds would be held in escrow pending such order.

J. This Motion seeks only termination, modification, or conditioning of the automatic stay. It does not request an independent judgment from this Court determining title, compelling turnover, avoiding an interest, or determining dischargeability under Federal Rule of Bankruptcy Procedure 7001.

K. Movant therefore requests entry of an order granting the primary relief stated above or, alternatively, the limited relief described in Paragraphs H and I, together with such other relief as the Court deems just and proper.

Dated: 07/31/2026

Respectfully submitted,

SINGH LAW FIRM, P.A.

/s/ Jaitegh Singh
Jaitegh Singh (VSB No. 99085)
8045 Leesburg Pike, Suite 510
Tysons, Virginia 22182
Telephone: (866) 746-4452
Email: jsingh@singhfirm.com
Counsel for Hilaire Juste Ndjewel

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2026, a true and correct copy of the foregoing Motion for Relief from the Automatic Stay and all exhibits thereto was filed electronically with the Clerk of Court through the Court's CM/ECF system. The CM/ECF system transmitted notice of the filing to all registered participants, including counsel for the Debtor and the Office of the United States Trustee.

I further certify that on the same date, a true and correct copy of the Motion and all exhibits was served by United States first-class mail, postage prepaid, upon:

1. Yolande Ndjewel, the Debtor, at the address listed in her bankruptcy petition;
2. all creditors and parties in interest identified on the attached Creditor Matrix and Service List; and
3. any other party required to receive service under Federal Rules of Bankruptcy Procedure 4001(a)(1), 7004, and 9014 and Local Bankruptcy Rule 4001(a)-1(F).

A copy of the Creditor Matrix and Service List used for service is attached to this Certificate.

Dated: July 31, 2026

/s/ Jaitegh Singh
Jaitegh Singh (VSB No. 99085)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-1<br>Case 26-11426-KHK<br>Eastern District of Virginia<br>Alexandria<br>Fri Jul 31 11:15:25 EDT 2026 | AMERIHOME MORTGAGE COMPANY LLC<br>3333 Camino del Rio South, Suite 225<br>San Diego, CA 92108-3808 | Apple Federal Credit Union<br>c/o Huston & Angus, PLC<br>5527 Langston Boulevard<br>Arlington, VA 22207-1613 |
| Lakeview Loan Servicing, LL<br>3333 Camino del Rio South, Suite 225<br>San Diego, CA 92108-3808 | Morgan Stanley Residential Mortgage Loan Tru<br>13010 Morris Rd., Suite 450<br>Alpharetta, GA 30004-2001 | United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314-5405 |
| Affirm<br>650 California Street<br>12th Floor<br>San Francisco, CA 94108-2716 | Apple Federal Credit Union<br>Attn: Bankrutpcy<br>Po Box 1200<br>Fairfax, VA 22038-1200 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| Burke&herbrt<br>2836 Duke St<br>Alexandria, VA 22314-4513 | Chase Mortgage<br>Attn: Legal Correspondece<br>700 Kansas Ln Mail Co La4-7200<br>Monroe, LA 71203-4774 | Chase Mortgage<br>Attn: Legal Correspondence<br>700 Kansas Ln Mail Co La4-7200<br>Monroe, LA 71203-4774 |
| GreenSky<br>Attn: Bankruptcy<br>5565 Glenridge Connector Suite #700<br>Atlanta, GA 30342-4796 | Hilaire Juste Ndjewel<br>23 Cummings Drive Apt. 202<br>Stafford, VA 22554-7176 | IRS<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117-8520 | Madison LaRowe, Esq.<br>Cornerstone Law Group PLLC<br>2016 Lafayette Blvd, Suite 101<br>Fredericksburg, VA 22401-2268 | Mid Atlantic Fcu<br>17 Firstfield Rd<br>Gaithersburg, MD 20878-1774 |
| NVR Mortgage<br>Attn: Bankruptcy<br>Five Penn Center West Ste 400<br>Pittsburgh, PA 15276-0130 | Nr/sms/cal<br>601 Office Center Dr<br>Fort Washington, PA 19034-3275 | (p)PATHWARD NATIONAL ASSOCIATION<br>5501 S BROADBAND LANE<br>SIOUX FALLS SD 57108-2253 |
| Pathword Loan Operations<br>PO Box 1503<br>San Carlos, CA 94070-7503 | Select Portfolio Servicing<br>Attn: Bankruptcy<br>Po Box 65250<br>Salt Lake City, UT 84165-0250 | ServiceMac LLC<br>PO Box 105178<br>Atlanta, GA 30348-5178 |
| Shellpoint Mortgage Servicing<br>PO Box 10826<br>Greenville, SC 29603-0826 | Toyota Financial Services<br>Attn: Bankruptcy<br>Po Box 22171<br>Tempe, AZ 85285-2171 | Upstart Network, Inc<br>c/o Peritus Portfolio Services II, LLC<br>PO Box 1149<br>GRAPEVINE, TX 76099-1149 |
| Jonathan Baird Vivona<br>Vivona Pandurangi, PLC<br>601 King Street<br>Suite 400<br>Alexandria, VA 22314-3151 | Matthew W. Cheney<br>Office of the U.S. Trustee - Region 4<br>1725 Duke Street<br>Suite 650<br>Alexandria, VA 22314-3489 | Yolande Ndjewel<br>23 Barnum Drive<br>Stafford, VA 22556-8609 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America
Attn: Bankruptcy
P.O.Box 15019
Wilmington, DE 19886-0000

Pathward, N.A.
5501 South Broadband Lane
Sioux Falls, SD 57108-0000

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)JPMORGAN CHASE BANK, N.A.

(u)Hilaire Juste Ndjewel

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 29 |
| Bypassed recipients | 2 |
| Total | 31 |

# EXHIBIT A

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR STAFFORD COUNTY**

| | | |
|---|---|---|
| **ZOMO-BEM NDJEWEL YOLANDE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CL 23-1354** |
| | ) | |
| **NDJEWEL JUSTE HILAIRE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**FINAL ORDER OF DIVORCE**

THIS CAUSE came to be heard upon the Complaint for Divorce of Plaintiff. Zomo-Bem Ndjewel Yolande ("Plaintiff") Complaint for Divorce filed April 10, 2023: Defendant, Juste Hilaire Ndjewel's, ("Defendant"), Answer and Counterclaim for Divorce on May 12, 2023; and upon evidence and witness testimony presented at trial on August 6 and August 7, 2024 on the issues of equitable distribution, attorney fees and divorce; and

IT APPEARING to the Court that Husband and Wife were married on June 3, 2006 in Cameroon; that Wife has been an actual bona fide resident and domiciliary of the Commonwealth of Virginia for more than six (6) months immediately preceding the commencement of this action: that both Husband and Wife are over the age of eighteen years; that neither Husband and Wife are on active duty in the Armed Forces of the United States; that there are three (3) children born of the parties, namely Ndjewel Noe Farel, born [redacted] 2006; Ngo Ndjewel Mbang Lilirose, born [redacted], 2008; and Nlom Ndjel Ndjewel Gaetan Ethan, born [redacted] 2010, there are no other children born of the marriage, born to one party and adopted by the other, no children adopted of the marriage, and that neither party is currently

expecting from this marriage; that Husband and Wife have lived separate and apart since October 1, 2022, a period of more than one (1) year, without marital cohabitation and continuing without interruption, with the intent of at least one (1) party to permanently terminate the marital relationship; no reconciliation has taken place or is probable; that the parties' social security numbers are set forth on the attached Private Addendum; that the Court considered all statutory factors under Virginia Code Sections 20-107.1 and 20-107.3 and communicated the findings and basis of this decision to the parties on September 23, 2023 by Letter Opinion, the Opinion of which is attached hereto and the findings hereby incorporated into this Order; it is hereby

**ADJUDGED** AND **ORDERED** AS FOLLOWS:

1. **Grounds for Divorce:** Plaintiff, Zomo-Bem Ndjewel Yolande is hereby granted a divorce *a vinculo matrimonii* from Defendant, on the grounds that the parties have lived separate and apart for a period of more than one (1) year pursuant to Section 20-91(A)(9)(a) of the Code of Virginia, and that the bond of matrimony created by the marriage between these parties is dissolved.

2. **Equitable Distribution:**

a. Real Property:

i. Wife shall retain the properties located at Chesterfield Lane, Garrison Woods Drive, Kings Crest Drive, and Payne Street. Wife shall be solely responsible for the mortgages on these properties.

ii. Husband shall receive the 2019 Cameroon Property as his sole and separate property. The parties agree that Wife shall begin to effectuate transfer of this property to Husband within 30 days of entry of this Final Order. Wife shall be responsible for providing the final deed for this property and shall provide any other necessary documents to transfer

ownership as required by Cameroon law. Husband shall cooperate in providing any known information regarding the property upon request by Wife. The parties shall take all necessary steps to ensure that this final transfer takes place as soon as is reasonably practicable.

iii. Wife shall retain the marital residence located at 23 Barnum Drive subject to the following:

1. Wife shall refinance the mortgage and HELOC to remove Husband from any and all liability. Wife shall pay Husband the sum of $195,000 within 1 year of entry of this Final Order, subject to Paragraph 3 (d) below. Husband will execute and deliver a general warranty deed to Wife. The parties shall cooperate to effectuate any documents necessary to achieve this process, including if sale of the residence is necessary to effectuate the marital payment;

b. <u>Vehicles</u>: Husband shall retain his Ford Fiesta. Husband shall ensure that Wife is removed from any and all liability within 10 days of entry of this Final Order.

c. <u>Bank and Retirement Accounts</u>: The parties shall retain their bank and retirement accounts titled in their sole names. Wife shall be solely responsible for the loan on her 401k and remove Husband from any liability within 10 days of entry of this Final Order.

3. **Custody, Visitation and Child Support:**

a. The parties' have agreed upon Custody, Visitation and Child Support. This Agreement, entered as an Order at the trial, termed "Memorandum Agreement," shall be incorporated into this Final Order and the parties are hereby Ordered to comply with the terms of that Agreement.

b. <u>Child Support</u>: Child support shall be $254 per month payable by Husband to Wife on the first day of October, 2024 and continuing on the first day of every month thereafter.

Child support was calculated using Husband's 9/15/23 paystub, Wife's 2023 income tax return and using the shared guideline with Husband having the minor children 95 days of the year and Wife paying $120 per month for the cost of the minor children's health insurance premiums. The Guidelines are attached. Child Support as of the emancipation of the parties' eldest son shall be $222 per month, payable on the first of the month and on the first of each and every month thereafter for the parties' two (2) remaining minor children. The Guideline is attached.

c. Unreimbursed Medical Expenses: Any unreimbursed medical expenses for the minor children shall be split in proportion to their incomes, with Husband paying 31.8% and Wife paying 68.2% as shown in the guidelines. The party incurring the cost shall provide proof of the cost and payment thereof and the other party shall reimburse the payor party directly within thirty (30) days of receipt.

d. Arrears: Arrears are calculated from the date of Wife's Complaint for Divorce on April 10, 2023. As of August 6, 2024 there were $4,244 in arrears. These arrears ($4,244) shall be deducted from the Husband's $195,000 monetary award as outlined in Paragraph 2 (a)(iii).

e. Health insurance: Neither party shall be required to carry health insurance for the other party and each shall be responsible for their own costs and fees for such care. Wife shall maintain the minor children on her current health insurance plan for so long as she is eligible to be covered under said plan and shall pay the monthly premium costs thereof.

4. **Attorney Fees and Court Costs:**

**a.** Husband shall pay $10,000.00 of Wife's attorney's fees within six (6) months of entry of this Final Order.

**b.** Husband shall pay Plaintiff $1,698.24 incurred for trial costs for the trial

originally scheduled for April 8 and 9, 2024 within six (6) months of entry of this Final Order.

**c.** Husband shall pay interpreter costs agreed by the parties for trial. Husband has mailed a check to Plaintiff's Counsel. Should that check not arrive or be held to have sufficient funds, he shall immediately send another check or make payment in another form.

**NOTICES AND INFORMATION**

Pursuant to Virginia Code §20-60.3, the parties are hereby notified of the following provisions of Virginia law, and the parties hereby represent to this Court that the information provided below is true information:

1. Notice is hereby given that support payments may be withheld as they become due pursuant to Code § 20-79.1 or § 20-79.2, from income as defined in Code § 63.2-1900, without further amendments of this Order or having to file an application for services with the Department of Social Services (hereinafter "DSS"). Support payments pursuant to this Order will be made directly to the recipient and not by income deduction or garnishment.

2. Notice is hereby given that support payments may be withheld pursuant to Chapter 19 (Code § 63.2-1900, *et seq.*) of Title 63.2 without further amendments to the order upon application for services with the DSS.

3. A duty of support is owed for the parties' minor children, namely:

| Name | Date of Birth | Social Security Number* |
|---|---|---|
| Ndjewel Noe Farel | [redacted] 2006 | * |
| Ngo Ndjewel Mbang Lilirose | [redacted] 2008 | * |
| Nlom Ndjel Ndjewel Gaetan Ethan | [redacted] 2010 | * |

* See Private Addendum

4. The following information is true regarding the parties:

| | **Plaintiff/Mother** | **Defendant/Father** |
|---|---|---|
| **Name** | Yolande Zomobem | Juste Hilaire Ndjewel |
| **Residential Address** | 23 Barnum Drive<br>Stafford, Virginia 22556 | 15 Chichester Drive<br>Stafford, Virginia 22554 |
| **Mailing Address (if different)** | N/A | N/A |
| **Telephone Number** | [redacted]2386 | [redacted]6616 |
| **Date of Birth** | [redacted] 1982 | [redacted] 1972 |
| **Employer** | SES Americom | Ruan Transport |
| **Employer Address** | 8050 Piney Branch Lane<br>Bristow, VA 20136 | 666 Grand Ave. 3100 Ruan Ctr<br>Des Moines, Iowa 50309-2506 |
| **Work phone** | 202-709-2386 | 800-895-9857 |
| **Driver's License State and No.** | [redacted] | [redacted] |
| **Last 4 digits of SS#** | *4928 | *7690 |

5. Pursuant to Virginia Code § 20-124.2 support will continue to be paid for any child over the age of 18 who is (i) a full-time high school student, (ii) not self-supporting, and (iii) living in the home of the party seeking or receiving child support until such child reaches the age of 19 or graduates from high school, whichever occurs first, and that the court may also order that support be paid or continue to be paid for any child over the age of 18 who is (a) severely and permanently mentally or physically disabled, and such disability existed prior to the child reaching the age of 18 or the age of 19 if the child met the requirements of clauses (i), (ii), and (iii); (b) unable to live independently and support himself; and (c) residing in the home of the parent seeking or receiving child support.

6. A petition may be filed for the suspension of any license, certificate, registration or other authorization to engage in a profession, trade, business, occupation or recreational activity

issued by the Commonwealth of Virginia to a parent as provided in Va. Code Ann. § 63.2-1937, upon a delinquency for a period of ninety (90) days or more or in an amount of $5,000.00 (five thousand dollars) or more. Defendant holds a Commercial Drivers License. Plaintiff does not hold any licenses.

7. The Order of this Court as to the monthly amount of child support, expressed in fixed sums per monthly period. together with the payment intervals, the dates payments are due, the date the first payment is due, and the amount of each payment are set forth in the support provisions of this Order.

8. The following notice is provided concerning health care coverage:

a. This Order contains a provision for health care coverage, including the health insurance policy information, for dependent children pursuant to §§ 20-108.1 and 108.2. if available at reasonable cost. Mother carries health insurance for the Minor Child. The health insurance applicable to this Order is provided by Choice Fund HAS.

b. This Order contains a statement whether any unreimbursed medical expenses are to be paid by or reimbursed to a party pursuant to §§ 20-108.2(D) and 108.2(G). and if such expenses are ordered, then the provisions governing how such payment is to be made.

9. Any child support arrearages or overpayments existing as of the date of this Order, including to whom an arrearage/overpayment is owed. the amount of the arrearage/overpayment, the period of time for which such arrearage/overpayment is calculated, and how such arrearage/overage is to be paid, are as set forth in the arrearages provisions of this Order. If at any other time support arrearages exist, payments are to be credited to current support obligations first with any payment in excess of current obligations applied to arrearages. There are support

arrearages at this time. Arrearages are detailed above and are to be deducted from Defendant's monetary award in Paragraph 2(a)(iii). There are no support overages at the present time.

10. If child support payments are ordered to be paid through the DSS or directly to the obligee, and unless the court for good cause shown orders otherwise, the parties shall give each other and the court and, when payments are to be made through the DSS, the DSS at least 30 days' written notice, in advance, of any change of address and any change of telephone number within 30 days after the change.

11. If child support payments are ordered to be paid through the DSS, the obligor shall keep the DSS informed, or if the payments are ordered to be paid directly to the obligee, keep the court informed of (i) the name, address, and telephone number of his current employer, (ii) any change to his employment status, and (iii) if he has filed a claim for or is receiving benefits under the provisions of Title 60.2. Any change in employment status or filing of a claim shall be communicated to the DSS or the court in writing within 30 days of such change or filing.

12. If child support payments are ordered to be paid through the DSS, the party obligated to provide health care coverage is required to keep the DSS informed of any changes in the availability of the health care coverage for the minor child, or if the payments are ordered to be paid directly to the obligee, the party obligated to provide health care coverage is required to keep the other party informed of any changes in the availability of the health care coverage for the minor child.

13. The separate amounts due to each person under this Order for child support, for spousal support or for a unitary award, or the affirmation of a separation agreement, are set forth in the support provision of this Order. There is no spousal support awarded in this Order.

14. In determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law, and interest shall be applied at the judgment rate as established by Section 6.2-302, unless the oblige, in a writing submitted to the court, waives the collection of interest.

15. Notice is hereby given that the DSS may, pursuant to Chapter 19 (Code § 63.2-1900, *et seq.*) of Title 63.2 and in accordance with Code § 20-108.2 and § 63.2-1921, initiate a review of the amount of support ordered by any court.

16. If any arrearages for child support, including interest or fees, exist at the time the child included in this order emancipates, the payments shall continue in the total amount due (current support plus amount applied towards arrearages) at the time of emancipation until all arrearages are paid. This means that the total amount being paid for child support shall continue in that amount until after emancipation until the arrearages are paid in full.

17. Notice is hereby given that, in cases enforced by the DSS, the Department of Motor Vehicles may suspend or refuse to renew the driver's license, or other document issued under Chapter 3 (§ 46.2-300 et seq.) of Title 46.2 authorizing the operation of a motor vehicle upon the highways, of any person upon receipt of notice from the DSS that the person (i) is delinquent in the payment of child support by 90 days or more or in an amount of $5,000.00 or more or (ii) has failed to comply with a subpoena, summons or warrant relating to paternity or child support proceedings.

**18. Code § 20-124.5 Notice:** A party intending to relocate his or her residence during the minority of a child shall give to the other party and to the court having jurisdiction over the

parties and the matter of custody and/or visitation of the child 30 days' prior written notice of such intent and of the proposed change of residence.

**19. Code § 20-111.1(E) Notice:** The parties are hereby notified of the following in accordance with Virginia Code § 20-111.1(E):

**Beneficiary designations for any death benefit, as defined in subsection B of Section 20-111.1 of the Code of Virginia, made payable to a former spouse may or may not be automatically revoked by operation of law upon the entry of a final decree of annulment or divorce. If a party intends to revoke any beneficiary designation made payable to a former spouse following the annulment or divorce, the party is responsible for following any and all instructions to change such beneficiary designation given by the provider of the death benefit. Otherwise, existing beneficiary designations may remain in full force and effect after the entry of a final decree of annulment or divorce.**

AND THIS CAUSE IS FINAL.

ENTERED this 4th day of Dec 2024.

Judge David B. Caddell

A COPY TESTE:

Kathleen M. Sterne, CLERK
CIRCUIT COURT OF STAFFORD
By:

SEEN and Objected to: Plaintiff objects as to the marital award to Defendant despite evidence of his negative contributions to the marriage, to the dissolution of the marriage, his dissipation of marital assets in that he sent considerable money to Cameroon, and Plaintiff was ordered to take on the marital debt.

Emily Sripinyo

Emily E. Sripinyo, Esq. VSB No. 92537
Moore, Christoff & Siddiqui, PLLC
526 King, St., Suite 506
Alexandria, Virginia 22314
P: 703.535.7809
F: 571.223.5234
E: esripinyo@moorechristoff.com
*Counsel for Plaintiff/Mother*

SEEN and <u>OBJECTED TO:*</u>

Kathryn L. Van Hooser, Esq. VSB No. 79161
Christina J. Aguirre, Esq. VSB No. 85835
Van Hooser & Aguirre, P.C.
2750 Killarney Drive, Suite 203
Woodbridge, Virginia 22192
P: 703-659-4402
F: 703-659-4413
E: kvanhooser@vhaalaw.com/caguirre@vhaalaw.com
*Counsel for the Defendant/Father*

*Objected to as to non equitable distribution of marital equity despite evidence of use of marital funds; award of attorneys fees; non equitable distribution of assets despite evidence that Wife dissipated funds for business purposes; removing the requirement to sell the Marital Residence as stated in the Court's Letter Ruling; allowing 1 year for Wife to pay equitable distribution of $195,000 instead of as outlined in the Court's Letter Ruling

# EXHIBIT B

**VIRGINIA**

FILED
CLERK OF COURT
2026 JAN 29 A 11:57
CIRCUIT COURT
STAFFORD VIRGINIA

**IN THE CIRCUIT COURT OF STAFFORD COUNTY**

ZOMO-BEM NDJEWEL YOLANDE )
Plaintiff )
)
v. ) Case No.: CL23001354-01
)
JUSTE HILAIRE NDJEWEL )
Defendant )

**VERIFIED PETITION FOR RULE TO SHOW CAUSE**

COMES NOW the Defendant, Juste Ndjewel (hereinafter the "Defendant"), who first being duly sworn, deposes and says as follows:

1. On December 4, 2024, this Court entered a Final Decree of Divorce (hereinafter the "Decree") requiring that as part of the equitable distribution, Plaintiff was to pay the Defendant $190,756 for the marital home within one (1) year of the order and she was ordered to sign over the property in Cameroon to the Defendant within 30 days of the entry of the final order (Exhibit A, attached hereto and incorporated herein by reference).
2. Defendant sent an email to Plaintiff's Attorney, Emily Sripinyo, on October 28, 2025, asking for the Plaintiff to pay the court ordered $190,756 no later than December 4, 2025 (Exhibit B, attached hereto and incorporated herein by reference).
3. Defendant sent emails to Ms. Sripinyo on April 11, 2025 and November 3, 2025 asking for any evidence that Ms. Yolande had taken any action toward transferring the property in Cameroon over to Mr. Ndjewel as she was ordered to do (Exhibit C, attached hereto and incorporated herein by reference).

4. In August 2025, Defendant traveled to Cameroon and spoke with the Public Service Department and was informed that the Plaintiff was the only person allowed to request information about the property.
5. To date, Plaintiff has not paid the $190,756 nor has she presented the paperwork showing that she has transferred the property in Cameroon to the Defendant as she was ordered to do.
6. The above allegations constitute a violation of the Divorce Decree and Ms. Yolande should be held in contempt of court.
7. Plaintiff's continued violation of the Decree has caused the Defendant to incur significant attorney's fees and costs.

WHEREFORE the Defendant, Juste Ndjewel, respectfully requests that this court:

A. Issue a Rule to Show Cause against the Plaintiff, Zomo-bem Ndjewel Yolande, to show cause, if any she can, why she has failed to obey the Final Decree of Divorce entered by this Court on December 4, 2025; and
B. That the Plaintiff be ordered to pay Defendant, as part of the equitable distribution, the $190,756 he is owed for his interest in the marital home and that she be ordered to convey the property in Cameroon to the Defendant as mandated by the Final Decree of Divorce entered by this Court on December 4, 2024.
C. If the property in Cameroon is no longer in the Plaintiff's name due to a transfer to a third party, the Defendant asks that Plaintiff be ordered to reimburse Defendant for the value of his property if it cannot be transferred to him; and
D. That the Plaintiff be punished for her contempt of the aforementioned Decree pursuant to § 16.1-69.24 of the Code of Virginia, 1950, as amended; and
E. That the Plaintiff be ordered to pay all attorney's fees and costs incurred by the Defendant in connection with this Show Cause and Defendant's efforts to enforce this Court's Order; and
F. For such other and further relief as the Court deems appropriate.

Respectfully Submitted,

JUSTE NDJEWEL
BY COUNSEL

By: ______________________
Juste Ndjewel, Defendant

COMMONWEALTH OF VIRGINIA )
CITY/COUNTY of Spotsylvania ), to-wit:

Before me, the undersigned Notary Public in and for the above-mentioned jurisdiction, appeared this day, JUSTE HILAIRE NDJEWEL, whose name is signed to the foregoing document, and acknowledged his signature thereto.

Subscribed and sworn to before me this 21st day of January, 2026.

SABRINA SMITH
NOTARY PUBLIC
REG. #00295945
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 09/30/2028

______________________
Notary Public
My Commission Expires: 9.30.2028
Registration No. 00295945

By: ______________________
Madison LaRowe – VSB No. 100348
Cornerstone Law Group PLLC
2016 Lafayette Blvd. Suite 101
Fredericksburg, VA 22401
Phone: (540) 898-8881
Fax: (540) 898-0755
madison@lawfirmvirginia.com
*Counsel for Defendant*

VIRGINIA:

IN THE CIRCUIT COURT OF STAFFORD COUNTY

| | | |
|---|---|---|
| ZOMO-BEM NDJEWEL YOLANDE, Petitioner | ) | Case No.: CL23001354-01 |
| V. | ) | |
| JUSTE HILAIRE NDJEWEL, Defendant | ) | |

FILED CLERK OF COURT 2026 JUN -5 P 3: 13 STAFFORD COUNTY, VA

**AFFIDAVIT OF SERVICE**

**COMMONWEALTH OF VIRGINIA**
**CITY OF ____________________, to-wit:**

I, Viktor Potter, a private process server, do hereby swear that on the 28 day of May, 2026, at 8:50 a.m./p.m., I did serve upon Zomo-bem Ndjewel Yolande, at 23 Barnum Dr, Stafford, VA 22556, true copies of a *Rule to Show Cause*, *Order Allowing Leave to Amend Verified Petition for Rule to Show Cause*, and an *Amended Verified Petition for Rule to Show Cause* , in the above-captioned case, in the following manner:

X Delivering a copy of the document(s) aforesaid to Zomo-bem Ndjewel Yolande personally;

____ Delivering a copy of the document(s) aforesaid to a member of the Zomo-bem Ndjewel Yolande's place of residence who is over the ages of 16 years; or

____ Attaching a copy of the document(s) aforesaid to the door of Zomo-bem Ndjewel Yolande's place of residence.

**I additionally swear that I am over the age of 18 years, that I am not a party litigant in the instant-styled case, and that I have no interest in the outcome of the case.**

[signature]
Name: Viktor Potter

COMMONWEALTH OF VIRGINIA )
CITY/COUNTY of Spotsylvania), to-wit:

Sworn and subscribed to before me, a Notary Public in the aforesaid jurisdiction, by Viktor Potter, a private process server, this 1st day of June, 2026.

[signature]
Notary Public
My commission expires: 9.30.2028
Notary commission number: 00295945

SABRINA SMITH
NOTARY PUBLIC
REG. #00295945
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 09/30/2028

**VIRGINIA**

**IN THE CIRCUIT COURT OF STAFFORD COUNTY**

| | | |
|---|---|---|
| ZOMO-BEM NDJEWEL YOLANDE<br>Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: CL23-1354-01 |
| | ) | |
| JUSTE HILAIRE NDJEWEL<br>Defendant | ) | |

**ORDER TO REOPEN**

COMES NOW, the Defendant, Juste Ndjewel (hereinafter "Defendant"), by counsel, and moves this Honorable Court to reopen the above-styled case for the purpose of enforcing its Final Divorce Decree, entered on December 4, 2024.

UPON CONSIDERATION WHEREOF, the Court finding it appropriate to grant this Motion; it is therefore

ORDERED that the above-styled case be reopened and reinstated on the docket for the purpose of enforcing its Final Divorce Decree, entered on December 4, 2024.

ENTERED Feb 9th, 2026

JUDGE

A COPY TESTE:
Judith M. [illegible]
CLERK
CIRCUIT COURT OF STAFFORD

# EXHIBIT C

# COMMONWEALTH OF VIRGINIA

RETURN

STAFFORD CIRCUIT COURT
Civil Division
1300 COURTHOUSE RD PO BOX 69
STAFFORD VA 22554
(540) 658-8759

Proof Of Service

Virginia:
In the STAFFORD CIRCUIT COURT

Case number: 179CL23001354-01
Service number: 001
Service filed: January 29, 2026
Judge:

Served by: SPECIAL PROCESS SERVER

Style of case: ZOMO-BEM NDJEWEL YOLANDE vs JUSTE HILAIRE NDJEWEL

Service on: ZOMO-BEM NDJEWEL YOLANDE
PRIVATE PROCESS SERVER

Attorney: MADISON LAROWS, ESQUIRE
CORNERSTONE LAW GROUP. PLLC
540-898-8881

Instructions: PRIVATE PROCESS SERVER PLEASE SERVE PETITION FOR RULE TO SHOW CAUSE AS DIRECTED BY ATTORNEY

Hearing date : Monday, June 15, 2026 at 02:00PM
Service issued: Thursday, March 19, 2026

---

For Sheriff Use Only

**VIRGINIA**

**IN THE CIRCUIT COURT OF STAFFORD COUNTY**

| | | |
|---|---|---|
| ZOMO-BEM NDJEWEL YOLANDE<br>Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: CL 23001354-01 |
| | ) | |
| JUSTE HILAIRE NDJEWEL<br>Defendant | ) | |

**Please serve: Zomo-bem Ndjewel Yolande**

**(By Private Process Server)**

**RULE TO SHOW CAUSE**

**THIS CAUSE** came to be heard upon the sworn Verified Petition for Rule to Show Cause of the Defendant, Juste Hilaire Ndjewel ("Defendant") against the Plaintiff, Zomo-bem Ndjewel Yolande ("Plaintiff"), for failing to comply with the Final Decree of Divorce entered by this Court on December 4, 2024, as specifically set forth in the Verified Petition for Rule to Show Cause, attached hereto as Exhibit A.

**IT APPEARING TO THE COURT** that a Rule to Show Cause should be issued against the Plaintiff for her failure to abide by the Order of this Court; it is, therefore,

**ADJUDGED, ORDERED, and DECREED** that the Plaintiff, Zomo-bem Ndjewel Yolande, be and hereby is required to appear before the Stafford County Circuit Court on JUNE 15, 2026 @ 2:00 PM FOR 30 MINUTES, to show cause, if any she can, why she has failed to obey the aforesaid Order, and it is further

**ADJUDGED, ORDERED, and DECREED** that a certified copy of this Rule to Show Cause be served upon the Plaintiff.

**AND THIS CAUSE IS CONTINUED.**

ENTERED this 19th day of March, 2026.

JUDGE

I ASK FOR THIS:

Madison LaRowe, Esq. – VSB No. 100348
Cornerstone Law Group PLLC
2016 Lafayette Blvd. Suite 101
Fredericksburg, VA 22401
Phone: (540) 898-8881
Fax: (540) 898-0755
madison@lawfirmvirginia.com
*Counsel for Defendant*

A COPY TESTE:
Kathleen M. Sterne, CLERK
CIRCUIT COURT OF STAFFORD

# EXHIBIT D

INST # 250014298

Prepared by: Patricia A. Healy, VSB #25729
Leming and Healy, P.C.
PO Box 445
Garrisonville, VA 22463
**Without Benefit of Title Examination**
Tax Map Parcel No. 19M 4 259
Consideration: Pursuant to Final Order of Divorce Stafford County Circuit Court Case No. CL 23-1354
Assessed Value: $416,200
Title Insurance Underwriter Unknown
Exempt from recording fees pursuant to VA Code Section 58.1-811(A)(15)

**DEED**

This Deed made this 28 day of October, 2025, by and between **NDJEWEL** JUSTE HILAIRE, also known of record as JUSTE HILAIRE **NDJEWEL**, divorced and not remarried, Grantor, and **ZOMO-BEM NDJEWEL** YOLANDE, also known of record as YOLANDE ZOMO BEM EPSE **NDJEWEL**, divorced and not remarried, Grantee, whose address is 23 Barnum Drive, Stafford, Virginia 22556, provides:

**W I T N E S S E T H:**

**THAT FOR AND IN CONSIDERATION** of $10.00 and other good and valuable consideration, the receipt of which is hereby acknowledged by the Grantor, and pursuant to that certain Final Order of Divorce entered December 4, 2024, in Stafford County Circuit Court Case No. CL 23-1354, the Grantor does hereby grant, bargain, sell and convey with General Warranty of Title, subject to easements, restrictions, and reservations of record, unto the Grantee, in fee simple, all of his right, title and interest in the real estate and improvements thereon located in the County of Stafford, Virginia, more particularly described as follows:

LOT 259, Section 4, as shown on plat of subdivision, Apple Grove, dated October 5, 2001, last revised September 4, 2002, prepared by ATCS, PLC, recorded at Plat Map 020000050 and Plat Book 38, Pages 122-124, among the Land Records of Stafford County, Virginia.

LESS AND EXCEPT that portion conveyed to Commonwealth of Virginia in Agreement recorded in Instrument Number LR090009192.

AND BEING all of Grantor's interest in the property conveyed to Yolande Zomo Bem Epse Ndjewel and Juste Hilaire Ndjewel as tenants by the entirety, with common law right of survivorship, by deed from Dianne M. Baldwin dated July 25, 2016, recorded July 26, 2016, as Instrument Number LR160012912 in the Office of the Clerk of the Circuit Court for Stafford County, Virginia.

This conveyance is subject to easements, restrictions, conditions, reservations, and agreements appearing in the chain of title that legally affect the property herein conveyed.

WITNESS the following signature:

[signature]
NDJEWEL JUSTE HILAIRE
Also Known of record as JUSTE HILAIRE NDJEWEL

STATE OF Virginia
CITY/COUNTY OF Stafford, TO WIT:

The foregoing Deed was acknowledged before me this 28 day of October, 2025, by Ndjewel Juste Hilaire, also known of record as Juste Hilaire Ndjewel.

Sheila Nottingham Kulbeth
Notary Public

My Commission Expires: January 31, 2029
Notary Registration Number: #7737057

Sheila Nottingham Kulbeth
Commonwealth of Virginia
Notary Public
Commission No. 7737057
My Commission Expires 1-31-2029