IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| YOLANDE NDJEWEL | ) | Case No. 26-11426-KHK |
| | ) | Chapter 11 |
| Debtor-In-Possession. | ) | |
| | ) | |
| HILAIRE JUSTE NDJEWEL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YOLANDE NDJEWEL, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE TO MOTION FOR RELIEF FROM STAY**

COMES NOW, Debtor-in-Possession, Yolande Ndjewel ("Debtor"), by counsel, and states the following in support of her response to the motion for relief from automatic stay filed by Hilaire Juste Ndjewel ("Movant").

**NATURE OF THE REQUEST**

1. The motion for relief from stay speaks for itself. To the extent Paragraph 1 is inconsistent therewith it is denied. Debtor objects to the requested relief.

2. The motion for relief from stay speaks for itself. To the extent Paragraph 2 is inconsistent therewith it is denied. Debtor objects to the requested relief except that she takes no issue with completion of the transfer of the property in Nkoabang, Cameroon as provided in the Final Order of Divorce.

Jonathan B. Vivona, Esquire
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia 22314
(Tel) 703-739-1353
(Fax) 703-337-0490
*Counsel for Yolande Ndjewel*

## JURISDICTION AND STANDING

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## FACTUAL BACKGROUND

7. Admitted.

8. Admitted.

### Cameroon Property

9. The Final Order of Divorce speaks for itself. To the extent Paragraph 9 is inconsistent therewith it is denied.

10. The Final Order of Divorce speaks for itself. To the extent Paragraph 10 is inconsistent therewith it is denied.

11. Admitted.

12. Admitted.

13. Denied.

### Barnum Property and Monetary Award

14. The Final Order of Divorce speaks for itself. To the extent Paragraph 14 is inconsistent therewith it is denied.

15. Admitted.

16. The Final Order of Divorce speaks for itself. To the extent Paragraph 16 is inconsistent therewith it is denied.

17. The Final Order of Divorce speaks for itself. To the extent Paragraph 17 is inconsistent therewith it is denied.

18. Admitted.

19. Admitted that Debtor has not made this payment. Denied as to any additional interest, fees and costs.

**State-Court and Bankruptcy Proceedings**

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. The Debtor's schedules speak for themselves. To the extent Paragraph 24 is inconsistent therewith it is denied.

25. The Debtor's schedules speak for themselves. To the extent Paragraph 25 is inconsistent therewith it is denied.

**ARGUMENT**

Movant has not identified any basis to proceed with any matters in the divorce court and to do so would place an undue burden on the Debtor. Debtor is in the process of formulating a Chapter 11 plan which would provide for monthly payments to her creditors including payment of Movant's claim in full over the course of the Plan. Movant is the holder of an unsecured claim and it is neither for child support nor spousal support thus there is no reason or basis for the divorce court to exercise jurisdiction over this debt. Movant does not have any interest in property of the debtor let alone any interest that is not adequately protected. To the extent Movant is entitled to any adequate protection Debtor is willing to provide the same in the form of monthly payments to

Movant.

Pursuant to 28 U.S.C. § 1334, the bankruptcy court has "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate." 28 U.S.C.A. § 1334(d) (West 1993) (*emphasis added*); *see also Murray v. Murray* (*In re Murray*), 31 B.R. 499, 501 (Bankr.E.D.Pa. 1983). This grant of jurisdiction indicates a conscious effort by Congress to provide the bankruptcy court special jurisdiction, and to preclude jurisdictional disputes between state and federal courts when both courts base jurisdiction on control of the same property. *In re Roberge*, 181 B.R. 854, 857 (Bankr. E.D. Va. 1995), *citing White v. White* (*In re White*), 851 F.2d 170, 172-73 (6th Cir.1988) (*citing* H.R.Rep. No. 95-595, 95th Cong., 1st Sess., 445, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6400). The filing of a bankruptcy petition also operates as an automatic stay of judicial proceedings and acts to "exercise control over the property of the estate." 11 U.S.C.A. § 362(a) (West 1993). *Robbins v. Robbins* (*In re Robbins*), 964 F.2d 342, 344 (4th Cir.1992).

In determining whether the stay should be lifted to permit a state court to determine issues that are also presented to the bankruptcy court, the Court of Appeals for the Fourth Circuit in *In re Robbins* stated that the factors that courts consider in deciding whether to lift the automatic stay include (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. *Id*.

In the case at bar, the divorce court has already determined equitable distribution,

spousal support and child support in its Final Order of Divorce, thus returning to the state court is not necessary. Debtor fully intends to effect transfer of the Nkoabang, Cameroon property to Movant and shall take necessary actions to accomplish this once the stay is lifted to allow her to do the same. With respect to collection of the $190,756.00 obligation, it would be improper to allow Movant to return to the state court to pursue liquidation of this claim and a commissioner's sale of the 23 Barnum property. As Movant is an unsecured creditor, any sale of the property ordered by the divorce court which would result in payment to Movant would constitute an impermissible and preferential payment. In addition, such a sale and distribution of the proceeds therefrom would implicate the priority scheme contained in the Bankruptcy Code thus would go well beyond issues that involve solely state law and that do not require expertise of the bankruptcy court. In fact, any issues related to administration or disposition of the property of Debtor's estate fall squarely within the bankruptcy court's expertise as well as its exclusive jurisdiction. Such a sale would also interfere with the Debtor's strong-arm powers under 11 U.S.C. §544.

Further, as Ndjewel's estate and property are being administered in this Chapter 11 reorganization proceeding, returning to the state court for a potential commissioner's sale would be redundant and does not promote judicial economy. The 23 Barnum property is Debtor's principal residence and property of the bankruptcy estate thus it would be gravely injurious to the bankruptcy estate to afford the divorce court the ability to determine disposition of said property without any consideration of Debtor's other creditors or without them being before the state court in any capacity. The property is necessary for an effective reorganization and the debtor has equity therein. With respect to the third factor set forth in *Robbins* the estate cannot be protected in any way by the Bankruptcy Court if relief to pursue a commissioner's sale were authorized. The Bankruptcy Court would simply lose control over the administration of the property as well as

distribution of any proceeds of sale.

WHEREFORE, for the reasons set forth hereinabove, Debtor, Yolande Ndjewel, respectfully requests that this Court deny Hilaire Juste Ndjewel's motion for relief from stay except for the request to allow and require Debtor to complete transfer of the property in Nkoabang, Cameroon to Movant, and for such other relief as the Court deems mete and proper.

YOLANDE NDJEWEL
By Counsel

VIVONA PANDURANGI, PLC

__/s/ Jonathan B. Vivona____________________
JONATHAN B. VIVONA, ESQUIRE
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone Number: (703) 739-1353
Fax Number: (703) 337-0490
jvivona@vpbklaw.com
*Counsel for Yolande Ndjewel*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2026 a true copy of the foregoing Response to Motion for Relief from Stay was served electronically pursuant to this Court's CM/ECF procedures on Matthew W. Cheney, U.S. Trustee, Kristen S. Eustis, Esquire, and Jaitegh Singh, Esquire.

__/s/ Jonathan B. Vivona___________
JONATHAN B. VIVONA